IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| John Jabbar Greene, | ) | C/A No. 4:19-cv-0283-SAL |
| Petitioner, | ) | |
| v. | ) | **OPINION & ORDER** |
| Warden, Kershaw Correctional Institution, | ) | |
| Respondent. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Petitioner John Jabbar Greene ("Petitioner") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1.] On April 5, 2019, Respondent Warden, Kershaw Correctional Institution ("Respondent") filed a motion for summary judgment, seeking judgment in its favor on Petitioner's request for habeas corpus relief. [ECF No. 18.] The Magistrate Judge issued a *Roseboro* Order, directing the clerk to forward the summary judgment explanation to Petitioner and directing the Petitioner to respond to the motion for summary judgment in 31 days. [ECF Nos. 19, 20.] Petitioner filed a response to the motion for summary judgment, and Respondent filed a reply. [ECF Nos. 21, 22.] On December 26, 2019, the Magistrate Judge issued the Report, recommending this Court grant Respondent's motion for summary judgment in its entirety and that the petition be dismissed without an evidentiary hearing. [ECF Nos. 26, 27.] Attached to the Report was the notice of right to file objections. *Id.* The deadline to file objections

1

was January 9, 2020. *Id.* On January 14, 2020, this Court received a request for an extension of time to file objections from Petitioner. [ECF No. 30.] The Court granted the request by text order and extended the deadline for objections to January 30, 2020. [ECF No. 31.] Petitioner's objections were served on January 30, 2020. [ECF No. 33.] Respondent submitted a response on February 18, 2020. [ECF No. 35.] The matter is ripe for this Court's determination.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [petition] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n

the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

After a thorough review of Petitioner's objections, the Report, and the record of this case, the Court finds that Petitioner's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. Further, after restating the arguments raised at summary judgment, Petitioner concludes "recommend[ing] that the respondent's motion for summary judgment (ECF No. 18) be dismissed with prejudice in its entirety, and the petition be granted with or without an evidentiary hearing." [ECF No. 33 at p.6.] As noted in *Sims*, "a reassertion of arguments" is not a specific objection. 2019 WL 1365298, at *2. Accordingly, this is a situation where the "party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Arbogast v. Spartanburg Cty.*, No. 7:11-cv-00198, 2011 WL 587635, at *2 (D.S.C. Nov. 17, 2011) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Without specific objections to the proposed findings and recommendations, this Court is not required to give any explanation for its adoption of the Report.

After a review of the record, this Court finds that the Report accurately summarizes this case and the applicable law. Petitioner's objections are general and conclusory in that they merely reassert all of the purported factual and legal arguments underlying his request for habeas relief and, therefore, do not warrant further explanation.

For the reasons set forth above, the Report [ECF No. 26] is accepted, adopted in its entirety, and is incorporated herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment [ECF No. 18] is **GRANTED** in its **ENTIRETY**, and the petition [ECF No. 1] is **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED.**

                                        /s/ Sherri A. Lydon_____
                                        United States District Judge

February 20, 2020
Florence, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.